IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| ANN DEBOWES | PLAINTIFF |
| V. | CASE NO. 2:10-CV-214 |
| SMITHS MEDICAL, ASD, INC. | DEFENDANT |

**MEMORANDUM OPINION**

This cause comes before the court on the motion **[45]** of Defendant Smiths Medical, ASD, Inc. ("Smiths Medical") for summary judgment. The court has considered the motion and is prepared to rule.

Smiths Medical is an international manufacturer of medical devices for hospitals and other healthcare facilities. The company hired Ann DeBowes on June 21, 2004 as Shipping Coordinator for its Southaven, Mississippi office. Prior to her employment with Smiths Medical, DeBowes worked at McKesson Corporation in Memphis, Tennessee for three years. During that time, she began a consensual sexual relationship with her coworker, Mike Sell. In April 2004, Sell resigned from McKesson to work for Smiths Medical as the Distribution Center Manager of its Southaven office. Shortly thereafter, DeBowes left McKesson to join Smiths Medical as well. The two continued their sexual relationship without advising the company. Smiths Medical has a Workplace Harassment Policy which strongly encourages supervisory employees to inform the company of any relationship he or she may have with a subordinate employee.

As shipping coordinator, DeBowes performed human resources related tasks and spent a lot of time working with Sell. She helped him with his work and often completed tasks he was

responsible for but did not want to complete.  As a result, she received many overtime hours.  However, not all of this time was doing actual work.  The additional hours included times DeBowes and Sell spent engaging in sexual activity while no one else was at the office.  Her official job title later changed to Administrative Coordinator.

On February 18, 2009, the Director of Logistics for Smiths Medical sent an email to management, advising of the company's goal to minimize costs.  In this regard, management was required to provide a summary for every employee who worked ten or more hours of overtime per week.  Sell forwarded a copy of the email to DeBowes and told her to minimize her overtime to eight hours per week.

In mid 2009, DeBowes and Sell ended their sexual relationship.  There is a dispute as to who initiated the breakup.  DeBowes claims that when she found out there was a new human resources position within the company, she decided to end the relationship so that Sell could consider her as a potential applicant.  Sell, however, claims that they agreed to end the relationship well before the new position was announced.

During the summer of 2009, the Southaven office was consolidated into a new, larger facility in Olive Branch, Mississippi.  Smiths Medical decided to hire a Human Resources Generalist ("HR Generalist") for the Olive Branch office.  Stephanie Osterhout was responsible for conducting interviews for new position.  She interviewed DeBowes in July 2009.  Osterhout decided to hire an African American male, but he had already accepted another position.  As a result, she began a new round of interviews.  In August 2009, Jim Goodrich took over the interview process for the HR Generalist position in Olive Branch.  In October 2009, Goodrich interviewed six applicants, one of which was DeBowes.  Mike Sell participated in the interviews.

The company ultimately hired Viviana Cifuentes, a 29 year old female for the position. Goodrich asked DeBowes to continue handling the human resources responsibilities for the Olive Branch office until Cifuentes started work.

On March 2, 2010, DeBowes filed a charge of discrimination with Equal Employment Opportunity Commission ("EEOC"), alleging that she was denied a promotion to the HR Generalist position because of her age (51) and gender. DeBowes also claimed that she had been retaliated against for ending her sexual relationship with her supervisor, Mike Sell.

After learning of the EEOC charge, Smiths Medical terminated Sell on March 30, 2010 for failing to report his relationship with a subordinate employee. DeBowes then stopped getting overtime hours and at some point, Smiths Medical attempted to clarify and/ or restate her job description. On June 23, 2010, Smiths Medical eliminated the administrative coordinator position and laid DeBowes off.

On July 8, 2010, DeBowes amended her EEOC charge to include that Smiths Medical had terminated her in retaliation for her previously filed discrimination charge. On August 4, 2010, she filed a second amended charge with the EEOC, asserting that she was discharged while on leave under the Family Medical Leave Act ("FMLA"). The EEOC conducted its investigation and issued DeBowes a right to sue letter.

On December 3, 2010, DeBowes filed a complaint in this court, asserting age discrimination, sex discrimination, and retaliation. Since the plaintiff's claims are brought under 29 U.S.C. § 621 et seq., the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., this court has subject matter jurisdiction based on a federal question, 28 U.S.C. § 1331.

Smiths Medical has filed the instant motion for summary judgment, arguing that it did not discriminate or retaliate against the plaintiff because it had legitimate reasons for its employment decisions. DeBowes opposes the motion and argues that Smiths Medical's stated reasons are pretext or, at the very least, the defendant had a mixed motive for retaliating against her.

Summary judgment should be granted when the evidence shows that there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a motion for summary judgment, the court must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010)). Once the party seeking summary judgment meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In order to survive summary judgment on a claim of employment discrimination based on circumstantial evidence, the plaintiff must first establish a prima facie case of intentional discrimination. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000)). The burden then shifts to the

4

employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). If the employer satisfies its burden, the plaintiff must then show that either "(1) the employer's reason is pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Burrell v. Dr. Pepper/ Seven Up Bottling Grp.*, 482 F.3d 408, 411-412 (5th Cir. 2007). A similar burden shifting analysis applies to ADEA claims, except that the plaintiff may only rebut the employer's reason by proving that it is pretext. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

An employer's reason is pretext if it is false or if there is evidence of disparate treatment. *Id*. at 378-379. Pretext may also be established by showing that the plaintiff is "clearly better qualified" for the position than the hired applicant. *Price v. Fed. Express Corp.,* 283 F.3d 715, 723 (5th Cir. 2002). To meet the "clearly better qualified" standard, the plaintiff must demonstrate that "no reasonable employer would have made the same decision." *Deines v. Texas Dep't of Protective & Regulatory Servs.,* 164 F.3d 277, 282 (5th Cir. 1999). The employer, rather than the court, is better suited to evaluate an applicant's professional qualifications. *Deines*, 164 F.3d at 280. Thus, the law only requires that the employer's decision is "somewhere within the realm of reason." *Id*. at 282.

DeBowes claims that she was subjected to age and gender discrimination at three points: when she was not promoted to HR Generalist; when Smiths Medical denied her overtime hours; and when she was laid off. At each of these points, DeBowes also claims that she was retaliated against for ending her relationship with Sell and/ or filing a charge of discrimination with the EEOC. Since these claims are so intertwined, it will be less confusing if the court evaluates

them individually. The gender discrimination claims will be discussed first.

To make a prima facie showing of employment discrimination under Title VII, the plaintiff must show that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class or, for claims of disparate treatment, other similarly situated employees were treated more favorably. *Bryan*, 375 F.3d at 360; see also *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). In cases where an employer does not hire a replacement, the plaintiff must show that "others who were not members of the protected class remained in similar positions." *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990).

DeBowes is unable to establish that gender played in role in the defendant's decision not to promote her to HR Generalist. The parties do not dispute that DeBowes is a member of a protected class and suffered an adverse employment action. Based on a review of DeBowes' interview evaluation and resume, it appears that she was qualified for the HR Generalist position. Her qualification for the job is further supported by the fact that Smiths Medical requested for her to continue handling HR duties until Cifuentes started working. The fourth element in her claim, however, is lacking because she was not replaced by someone outside of her protected class. Smiths Medical hired a woman for the HR Generalist position. The plaintiff does not argue disparate treatment in the hiring decision. Therefore, her gender discrimination claim as it relates to the HR promotion must fail.

DeBowes next argues that Smiths Medical refused to give her overtime hours after March 2010 because of her gender. In light of the plaintiff's long employment with Smiths Medical, the court will assume that she was qualified for the administrative coordinator position. DeBowes

asserts that she was treated less favorably than other similarly situated employees since she was the only female employee who did not continue to get overtime hours. DeBowes submits that because she prepared the company's payroll records, she knew which employees received overtime. Smiths Medical contends that the plaintiff did not have access to overtime records during the time in which she alleges to have been denied overtime and thus, her claim is merely speculative. The court acknowledges that Smiths Medical objected to the plaintiff's discovery request for overtime records of its employees during the time in which DeBowes claims she was denied overtime. *See* Def.'s Resps. to Pl.'s First Set of Interrogs. at 10. Therefore, the court will assume for purposes of its analysis that the plaintiff has met her initial burden of making a prima facie showing of employment discrimination under Title VII as it relates to this claim.

Smiths Medical argues that after Sell was terminated, there was no opportunity for the plaintiff to earn overtime for doing his work. The court finds this explanation to be legitimate considering that the plaintiff's overtime hours had already been exaggerated to include times when she and Sell engaged in sexual activities. Smiths Medical further submits that it reduced overtime hours for all employees beginning in early 2009 as part of its company-wide mandate to reduce costs. DeBowes contends that although this mandate was in place, she did not see a significant change in her overtime hours after March 2010, when she filed her EEOC charge. The plaintiff's response does not suggest that Smiths Medical denied her overtime because of gender. Rather, the plaintiff is arguing that the defendant retaliated against her for the EEOC charge. As DeBowes is unable to rebut the presumption that the defendant's denial of overtime was not based on gender, her claim cannot pass summary judgment.

DeBowes' final gender discrimination argument relates to her discharge. In the

complaint, the plaintiff asserts that Smiths Medical terminated her because she is a woman. *See* Compl. at 9. The plaintiff, however, does not address this claim in her response to the defendant's motion for summary judgment. Therefore, it appears that either she has waived the claim or is unable to make a prima facie showing of gender discrimination in the defendant's decision to lay her off. In this regard, summary judgment is granted on this issue.

The court now turns to the age discrimination claims. An employee seeking relief under the ADEA must prove that age was the "but for" cause of the employer's adverse action. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377. The first three elements of an ADEA claim mirror those of a Title VII claim. *Meinecke v. H&R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995). The fourth element requires the plaintiff to show that she was (a) replaced by someone outside the protected class, (b) replaced by a younger person, or (c) in cases where the plaintiff was not replaced, show that she was otherwise discharged because of age. *Id*.

DeBowes is able to establish the first three elements of an ADEA claim. She is a member of a protected class (over 40 years old); she was qualified for both the Administrative Coordinator and HR Generalist positions; and she was subjected to adverse employment actions. At issue is whether the fourth element is present in each of her claims.

DeBowes makes a prima facie showing of age discrimination in the defendant's decision not to promote her to HR Generalist. Smiths Medical hired a younger, female employee (under 40 years old) to fill the position. The defendant asserts that DeBowes was not promoted because she was not the most qualified candidate. The defendant submits that Goodrich was unaware of the candidates' ages when he interviewed them so he did not consider age in his hiring decision. Smiths Medical contends that the plaintiff lacked the professionalism and sound judgment

8

required for the job.

DeBowes asserts that there is a factual issue as to whether Smiths Medical's stated reason was pretextual. She argues that she was "clearly better qualified" than Cifuentes because she has more HR experience, performed HR Generalist job duties before the company announced the position, and was considered as the HR contact for the Southaven and Olive Branch offices.

The court takes into account the plaintiff's work experience, but acknowledges that "better education, work experience, and longer tenure with the employer" does not necessarily mean that she was "clearly better qualified" for the position. *Price*, 283 F.3d at 723. Both applicants had prior HR experience. According to DeBowes' job application, she had approximately three and a half years of HR experience before joining Smiths Medical. Arguably, she performed HR functions at the company from the time she started in 2004. Cifuentes, on the other hand, had approximately two years in HR experience. The minimum requirements for the HR Generalist position require an applicant to have "[t]hree to five years Human Resources experience." *See* Pl.'s Ex. 23. Thus, it appears that Cifuentes did not meet the minimum job requirements.

Though the defendant contends that Goodrich was unaware of DeBowes' age, Mike Sell was involved in the interview process and knew the plaintiff's age. Smiths Medical argues that Sell had no role in the hiring decision, but the court finds this argument unconvincing. Even if Sell did not decide who to hire, his opinion was undoubtedly considered by those making the decision. As such, questions of fact exist regarding whether Smiths Medical chose not promote the plaintiff because of her age. These questions should be answered by the jury.

DeBowes next argues that she was denied overtime in violation of the ADEA. She

asserts that all other employees were treated more favorably than her and continued to get overtime. For purposes of this analysis, the court assumes that the plaintiff has established a valid claim of age discrimination. Smiths Medical asserts that the plaintiff's overtime hours decreased because there was less work after Sell was terminated and the mandate to reduce costs was put in place. The plaintiff argues that these reasons are pretextual because her overtime did not significantly decrease until she filed her EEOC charge. As stated above, the plaintiff's response only suggests that the company acted in retaliation. She offers no evidence that the denial was age-specific and relies entirely on her conclusive allegation. Although the burden shifts back and forth in ADEA claims, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Jackson*, 602 F.3d at 378 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000)). DeBowes fails to show that age was the but for cause of her denial of overtime. Summary judgment on this issue is proper.

As the plaintiff fails to address her ADEA wrongful discharge claim, the court grants summary judgment on this issue as well.

The court finally directs its attention to the plaintiff's retaliation claims. A valid claim for retaliation requires a showing that (1) the plaintiff engaged in a protected activity; (2) an adverse employment action occurred; and (3) there is a causal link between the protected activity and the adverse action. *Hernandez v. Yellow Transp. Inc.*, 641 F.3d 118, 129 (5th Cir. 2011). Once the plaintiff establishes retaliation, the burden shifts to the employer to "state a legitimate non-retaliatory reason for its action." *Septimus v. Univ. of Houston,* 399 F.3d 601, 610. The plaintiff must then show that the reason is pretext for retaliation. *Id.*

DeBowes does not establish that the defendant retaliated against her by denying her the HR Generalist promotion. She was denied the promotion several months before she filed her EEOC charge. Therefore, she had not engaged in protected activity at the time of the denial. Notwithstanding this issue, DeBowes argues that the company retaliated against her because she ended her relationship with Sell. She appears to argue in her brief that ending the relationship falls within the protected activity required for a valid retaliation claim. However, DeBowes and Sell were in a consensual sexual relationship that began before they were employed by Smiths Medical. She has submitted no evidence of being subjected to unwelcome sexual advances. As such, there was no Title VII protection. This claim must fail.

DeBowes makes a prima facie case for retaliation as it relates to her discharge and denial of overtime. She filed a charge with the EEOC on March 2, 2010. Within a few weeks, she stopped receiving overtime and three months later, she was laid off. Smiths Medical claims that these actions were taken because of a company mandate which was in place well before the plaintiff filed her EEOC charge. It also argues that DeBowes stopped receiving overtime because there was not enough work. The company submits that it has eliminated other jobs as well, namely the HR Generalist position for its Olive Branch office.

DeBowes counter argues that these reasons are pretext for retaliation. She claims that although the company mandate went into effect during 2009, she did not stop receiving overtime until after she filed her charge. DeBowes claims that the company then tried to get her to sign an agreement restating her job description and overtime compensation. She contends that the defendant discharged her and eliminated her position in retaliation to her EEOC charge.

Taking the facts and applicable law into consideration, there are questions as to the

whether Smiths Medical's reasons are pretextual.  Though the company eliminated the HR Generalist position, it did not do so until almost one year later.  It is interesting that the company mandate was established in 2009, but was not implemented against DeBowes until after she filed her charge.  These actions may have been taken because Smiths Medical learned of her relationship with Sell or because of the plaintiff's protected activity.  The court finds that this question should be submitted to the jury.

Based on the above analysis, the defendant's motion for summary judgment **[45]** is granted in part and denied in part.  Summary judgment is granted as to the plaintiff's claims for wrongful termination and denial of overtime under the ADEA, gender discrimination, and failure to promote based on retaliation.  Summary judgment is denied on the remaining claims.

SO ORDERED, this the 25th day of January 2012.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**